IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

WESLEY R. PARKER                                                                                   PLAINTIFF

V.                           CASE NO. 1:16-CV-00003-JTK

CAROLYN W. COLVIN, *Acting Commissioner*
Social Security Administration                                                         DEFENDANT

## **MEMORANDUM AND ORDER**

Plaintiff, Wesley R. Parker, appeals the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) based on disability[1]. Both parties have submitted appellate briefs, and the case is ready for a decision. The only issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence. For the reasons outlined below, the decision of the Commissioner is affirmed.

## **Procedural History**

Plaintiff protectively filed his application for benefits on December 18, 2012, alleging a disability date of May 1, 2010. (Tr. 154-61) Disability Determination Services (DDS) denied the claims initially and upon reconsideration. Plaintiff timely requested a

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

hearing before an Administrative Law Judge (ALJ).  Following the hearing, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled.  The Appeals Council denied the request for review, making the ALJ's decision the final decision of the Commissioner.  Plaintiff timely filed his action in federal court.

## Administrative Proceedings

An administrative video hearing was held on April 1, 2014, and was attended by Plaintiff, her attorney, a vocational expert, and the claimant's mother. (Tr. 23-64)  Plaintiff was 48 years old at the time of the administrative hearing and had not engaged in substantial gainful activity since his alleged onset date. (Tr. 11, 28)  He has two years post high school education and past relevant work as a roofer and general contractor. (Tr. 16)  The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process[2] and found Plaintiff had the severe[3] impairments of: pancreatitis; degenerative joint disease of the right shoulder; and the right knee. (Tr. 11)  The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listing. (Tr. 12)

---

[2] "The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment [meets] or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that she is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that a claimant can perform." *Steed v. Astrue*, 524 F.3d 872, 875 n.3 (8th Cir. 2008)(internal citations omitted).

[3] An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities.  20 C.F.R. § 404.1520.  An impairment is "nonsevere" when medical or other evidence establishes only a slight abnormality that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 404.1521.

In addition, the ALJ determined that Plaintiff had the residual functional capacity[4] (RFC) to perform sedentary work[5] except that he can only frequently reach with his dominant right upper extremity and the claimant can never climb ladders, ropes or scaffolds. (Tr. 12-16) Furthermore, the ALJ found that the Plaintiff could only occasionally climb ramps and stairs and can only occasionally stoop, kneel, crouch, crawl, and balance. *Id.* In making his determination, the ALJ noted that while the Plaintiff's impairments could reasonably be expected to cause the symptoms alleged, the statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely credible. (Tr. 14) The ALJ further found that while Plaintiff was unable to perform any of his past relevant work, he had acquired work skills from his past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy (i.e. material lifter and lumber estimator). (Tr. 16-17) Consequently, the ALJ concluded Plaintiff was not disabled.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind

---

[4] The RFC is "the most [a claimant] can do despite" his or her "physical or mental limitations." 20 C.F.R. § 416.945(a) and 20 C.F.R. § 404.1545(a).

[5] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a) and 20 C.F.R. § 416.967(a).

might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## Discussion

On appeal, Parker argues that substantial evidence does not support the ALJ's decision to deny benefits. Specifically, he contends that the ALJ erred in failing to develop the record (1) by relying solely on the results of a one-time consultative examination to determine Plaintiff's physical RFC and (2) by not sending the Plaintiff for a consultative psychological examination. (DE #13 at 4-5) The Defendant argues that the ALJ properly developed the record and determined Plaintiff's RFC.

With regard to Plaintiff's physical RFC, the ALJ took into consideration the entire record, testimony of the claimant, and the testimony of claimant's mother, Viola Parker. (Tr. 12-16) The medical evidence received and reviewed included records from Plaintiff's

treating sources, a consultative examination of Plaintiff's right knee, a general physical consultative examination by Anandaraj Subramanium, M.D., and records from two state agency physicians. (Tr. 263-292) The medical records are scant in this case, and it is well settled that a Plaintiff has the burden of proving his disability. *Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994). The ALJ's role is to develop a reasonably complete record, not function as counsel for the Plaintiff. *Id.* at 830-31.

In order to develop the record, the ALJ ordered a consultative examination of Plaintiff's right knee and a general physical consultative examination based on the evidence of knee and shoulder impairments. Dr. Subramanium diagnosed the Plaintiff with chronic right knee pain and shoulder pain. (Tr. 273) He further observed that the Plaintiff had limited range of motion of his right upper extremity, and based upon Plaintiff's reported history, he has moderate to severe limitations on prolonged walking, standing, sitting, lifting, and carrying. *Id.* The ALJ assigned great weight to Dr. Subramanium's report "because it is supported by the objective medical evidence showing degeneration of the claimant's right knee and right shoulder as well as the subjective allegations of the claimant and his mother, Ms. Parker." (Tr. 15)

The ALJ also found that, despite the Plaintiff's impairments, the evidence establishes that Plaintiff retains the capacity to function adequately to perform many basic activities associated with work. *Id.* For example, the ALJ found it notable that the Plaintiff reported that his impairments do not affect his ability to care for his personal needs; he still cares for his son by getting him up and ready for school each day; he cooks daily, performs household cleaning, and grocery shops for food and school supplies once a week. *Id.*

Furthermore, even though the Plaintiff alleges that his pain is constant and worsening, the record reflects that he has not sought treatment for his pain, other than the use of home remedies and over-the-counter medication. *See Comstock v. Chater*, 91 F.3d 1143, 1147 (8th Cir. 1996) (disabling pain not indicated when claimant failed to seek regular treatment other than use of a whirlpool tub and aspirin to relieve pain).

  Here, the ALJ's RFC is consistent with the evidence in the record. It is evident that the ALJ did not rely solely on the results of a "single, one-time consultative examination" but rather properly considered all the medical and other relevant evidence of record in making his RFC determination.

  With regard to Plaintiff's argument that the ALJ erred in failing to send him for a consultative physical examination, the Court finds no error. Plaintiff argues that the lack of mental health records made it impossible for the ALJ to make a proper disability determination, and therefore, the ALJ had a responsibility to order a consultative psychological examination. (Tr. 13 at 4-5) As previously discussed, it is not the responsibility of the ALJ to play counsel for the Plaintiff. *Clark,* 28 F.3d at 830-31. The ultimate test is whether a crucial issue is left undeveloped. *See Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (ALJ required to order medical examinations and test only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled.) Here, based upon the record before him, the ALJ ordered a general physical consultative examination. The record, however, is devoid of any evidence of a mental impairment. The burden was on Plaintiff to submit mental health records in support of his claim of a mental impairment. A lack of evidence does not infer

an impairment and does not present a question in this case. The ALJ cannot fabricate an impairment out of whole cloth. The ALJ was not obligated to make the Plaintiff's case for him and did not err by not ordering further examination.

## Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Accordingly for the reasons set forth above, it is recommended that the final decision of the Commissioner be affirmed.

IT SO ORDERED this 22nd day of December, 2016.

_____
UNITED STATES MAGISTATE JUDGE